UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM S. MCLEAN, JR.,

                    Plaintiff,

v.                                          5:25-cv-01237 (AMN/MJK)

DIANE MCCARTHY,

                    Defendant.

---

**APPEARANCES:**                             **OF COUNSEL:**

**WILLIAM S. MCLEAN, JR.**
Federal Medical Center-Butner
P.O. Box 1600
Butner, North Carolina 27509
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On September 8, 2025, William S. McLean, Jr. ("Plaintiff") commenced this action *pro se* against Diane McCarthy ("Defendant"), alleging fraud and seeking compensatory and punitive damages. *See* Dkt. No. 1 ("Complaint").[1]

On the same day that he filed his Complaint, Plaintiff sought leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 2, which the Court initially denied as incomplete, *see* Dkt. No. 3. Plaintiff filed a second motion to proceed IFP on September 30, 2025. *See* Dkt. No. 4. This matter was referred to United States Magistrate Judge Mitchell J. Katz, who granted Plaintiff's second request to proceed IFP. Dkt. No. 8 at 9 ("Report-Recommendation"). Magistrate Judge Katz

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

1

reviewed the Complaint pursuant to 28 U.S.C. § 1915(e), and on October 16, 2025, recommended that this Court dismiss Plaintiff's claim without leave to amend for lack of subject matter jurisdiction. *Id.* Magistrate Judge Katz also advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* No objections have been filed, and the time for filing objections has expired.

For the reasons that follow, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). After appropriate

review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.   DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

First, Magistrate Judge Katz recommended that this Court dismiss the Complaint without prejudice for lack of subject matter jurisdiction. Dkt. No. 8 at 5; *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Magistrate Judge Katz construed the Complaint as alleging either common law fraud or a probate claim, both brought under federal diversity jurisdiction. Dkt. No. 8 at 3, 5-7.[2] Plaintiff seeks compensatory damages in the amount of $13,306.00—well short of the $75,000.00 amount-in-controversy requirement. Dkt. No. 1 at 4. Plaintiff also seeks $136,694.00 in punitive damages to bring his total damages sought to $150,000.00—above the requirement. *Id.*

Keeping in mind that courts "customarily interpret a plaintiff's allegations of damages as sufficient to satisfy the amount-in-controversy requirement," Magistrate Judge Katz nevertheless recommended that this Court dismiss Plaintiff's claim because "it is a legal certainty that the plaintiff cannot recover the damages he seeks." Dkt. No. 8 at 5-6 (quoting *Nwanza v. Time, Inc.*, 125 F. App'x 346, 348 (2d Cir. 2005) (summary order). Magistrate Judge Katz found that when construed as a claim for fraud, the Complaint does not state facts sufficient to seek punitive damages because the alleged fraud was only aimed at Plaintiff and not aimed at the public generally, thereby leaving the amount-in-controversy below the requirement and outside federal

---

[2] Magistrate Judge Katz noted that Plaintiff also claimed to bring this action under Federal Question jurisdiction but did not plead a federal question. Dkt. No. 8 at 3 n. 1.

diversity jurisdiction. Dkt. No. 8 at 6; *see* Dkt. No. 1 at 4-5; *see, e.g.*, *Carling v. Peters*, 10-cv-4573, 2013 WL 865822, at *8 (S.D.N.Y. Feb. 6, 2013) (holding that punitive damages for fraud are recoverable only where the fraud is "aimed at the public generally" and is "gross and involves high moral culpability" (citations omitted)). Magistrate Judge Katz also found that when alternatively construed as a probate claim, the Complaint falls within the first prong of the probate exception to subject matter jurisdiction because it seeks the administration of a will. Dkt. No. 8 at 7-8; *see* Dkt. No. 1 at 4-5. Thus, even if the Complaint satisfied the diversity of citizenship and amount-in-controversy requirements, this "purely probate matter" is excepted from the scope of federal diversity jurisdiction. *Id.*; *see Cadwell v. Citibank, N.A.*, No. 23-CV-1315, 2023 WL 9492396, at *3 (S.D.N.Y. Dec. 26, 2023); *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007); *see also Markham v. Allen*, 326 U.S. 490, 494 (1946) ("[A] federal court has no jurisdiction to probate a will or administer an estate[.]").

Second, Magistrate Judge Katz recommended that Plaintiff should not be given leave to amend his Complaint because any amendment would be futile. Dkt. No. 8 at 8-9. Magistrate Katz found that no amendment would change this Court's inability to hear probate claims, the specific amount of money to which Plaintiff is entitled, or Plaintiff's legal inability to seek punitive damages for this alleged case of fraud. *Id.*

After reviewing the Report-Recommendation and considering Magistrate Judge Katz's findings as to Plaintiff's liberally construed claim, the Court finds no clear error in the Report-Recommendation. Accordingly, the Court adopts the Report-Recommendation in its entirety.

IV.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 8, is **ADOPTED in its entirety;** and the Court further

**ORDERS** that Plaintiff's claim against Defendant be **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 10, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge